IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIXTO CADA RACIMO,

    Petitioner,                    No. CIV S-10-3486 CMK (TEMP) P

   vs.

RICK HILL, Warden,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Petitioner has alleged several constitutional grounds for relief in his petition, but he only vaguely describes the facts on which relief might be granted. See Rule 2(c), Rules Governing § 2254 Cases. Petitioner avers that various errors committed in his trial and the ineffective assistance of his counsel each rise to the level of a constitutional violation, but petitioner does not provide the factual context in which those alleged violations occurred such that the court can assess his claims and respondent answer them. This lack of factual specificity requires that the petition be dismissed without prejudice.

1

Petitioner will be allowed thirty days from the entry of this order in which to file an amended petition that alleges the specific constitutional violations and supporting facts that, if proven, would entitle him to habeas relief. Petitioner is advised that vague or conclusory claims for relief may result in summary dismissal of the amended petition. See Hendricks v. Vazquez, 908 F.2d 490, 491 (9th Cir.1990); Rule 4, Rules Governing § 2254 Cases. Finally, petitioner is advised that claims alleging constitutional violations unrelated to his conviction in state court – e.g., conditions of confinement or inadequate medical care while in custody – are not appropriate grounds for habeas relief but should be averred in a complaint filed under the Civil Rights Act, 42 U.S.C. § 1983.

In addition, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

///
///
///
///

4. Petitioner's motion for appointment of counsel (Docket No. 2) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: January 19, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

hm, raci3486.100fee+110